IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

    Plaintiff,

    v.                                                          No. 16-CV-00884-MCA-KBM

GERMAN FRANCO, *Warden*, ALICIA
LUCERO, *Deputy Warden*, JESSICA
HERRERA, *Disciplinary Officer*, FNU LNU,
*1-3, Unit Manager, Case Worker, STIU Gang
Unit Officer*, JOSEPH TURANO, *Officer*,
ART SUAZO, *Unit Manager*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Mark Reyes' Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, filed on August 1, 2016. [Doc. 1] Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's complaint will be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Plaintiff will be granted thirty (30) days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." § 1915(e)(2). Additionally, the Court has an obligation under § 1915A to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "identify cognizable

claims or dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's forty-five page handwritten complaint, with twenty-three pages of attached exhibits, appears to raise numerous constitutional, statutory, and common law claims against various governmental defendants, some of whom are identified by name, some of whom are not: (1) German Franco, Warden of the Penitentiary of New Mexico (PNM); (2) Alicia Lucero,

Deputy Warden of PNM; (3) Jessica Herrera, Disciplinary Hearing Officer; (4) Joseph Turano, Correctional Officer; (5) Art Suazo, Unit Manager; (6) Unit Manager of Unit 2A; (7) Caseworker of Unit 2A; and (8) STIU Gang Officer. [Doc. 1] The complaint is lengthy, prolix, and difficult to follow—it spends an inordinate amount of time reciting various state and departmental policies, disputing the facts found in a disciplinary hearing report, and detailing duplicative or irrelevant facts.[1] Moreover, the complaint lacks organization, making it unclear which legal claims Plaintiff is asserting against which individual defendants.

> Rule 8(a) of the Federal Rules of Civil Procedure Provides as follows:
>
>> A pleading that states a claim for relief must contain:
>>
>>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>>
>>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>>
>>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, Rule 8(d)(1) requires "each allegation" in a complaint to "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). A lengthy complaint made "unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter" runs afoul of Rule 8. *Id.*; *see also Baker v. City of Loveland*, No. 16-1435, 2017 WL 1485006, at *1 (10th Cir. April 26, 2017) (affirming the dismissal of a pro se plaintiff's 42-page single spaced amended complaint for failure to comply with Rule 8 because

---

[1] For example, pages of the complaint are spent detailing the 177 individual canteen items of which Plaintiff allegedly was deprived [Doc. 1 at 16-18] and the movements of various inmates in the days leading up to an alleged physical assault on Plaintiff. [Doc. 1 at 6-9].

3

it was "filled with unnecessary legal arguments and detail" and "lacking clarity about what each defendant allegedly did to incur liability") (unpublished). Similarly, "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)).

The Court is unable to perform its screening function under §§ 1915A and 1915(e)(2)(B) due to the length and prolixity of Plaintiff's complaint, its lack of organization, and its failure to articulate, in a clear and concise manner, which legal claims Plaintiff is asserting against which individual defendants for which actions. "It [is] not the district court's job to stitch together cognizable claims for relief" from a "wholly deficient pleading," *Mann*, 477 F.3d at 1148, nor is it the district court's job to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the Court will dismiss Plaintiff's Prisoner's Civil Rights Complaint without prejudice and grant Plaintiff an opportunity to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

The Court emphasizes that in § 1983 actions seeking to impose personal liability on multiple governmental defendants in their individual capacity, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a

4

plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Thus, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes [each] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint that complies with the standards set forth above may result in the dismissal of this action without prejudice without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1] is DISMISSED without prejudice and Plaintiff is granted thirty (30) days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
CHIEF UNITED STATES DISTRICT JUDGE